# Exhibit A

SUPREME COURT OF THE STATE OF NEW
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FLAMUR TULOVIC

                        Plaintiff/Petition                    Index   _503465/17_

81st WEST RIVER COMPANY, LLC et al

                        Defendant/Responde
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646- 386-3033; e-mail: efile@nycourts.gov).


Dated   02/21/2017

_____
Signature

LEOPOLD RAIC
Name

Akin Law Group PLLC
Firm Name

45 Broadway, Suite 1420
Address

New York, NY  10006
City, State, and Zip

212-825-1400
Phone

leo@akinlaws.com
E-Mail


To:   Edward Devine (at placement)
      101 W-5-5-th St.
      NY, NY 10019


9/3/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

FLAMUR TULOVIC,

                                    Plaintiff,

                    -against-

81ST WEST RIVER COMPANY, LLC,
MANHATTAN SKYLINE MANAGEMENT CORP.,
NAIM HALITI and EDWARD DEVINE,

                                    Defendants,

-------------------------------------------------------------------X

Index No.
Date purchased:

Plaintiff designates:
KINGS County as the
place of trial.

The basis of the venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at:
250 Parkville Avenue
Brooklyn, NY 11230

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 21, 2017
      New York, New York

Respectfully Submitted,

AKIN LAW GROUP PLLC
Attorneys for Plaintiff

*/s/ Leopold Raic*
_____

By: Leopold Raic, Esq.
45 Broadway, Suite 1420
New York, New York 10006
(212) 825-1400

**Defendants' Addresses**:

**81ST West River Company, LLC (Via Secretary of State)**
103 W 55th St
New York, NY 10019

**Manhattan Skyline Management Corp. (Via Secretary of State)**
101 W 55th St
New York, NY 10019

**Naim Haliti (At Place of Employment)**
101 W 55th St
New York, NY 10019

**Edward Devine (At Place of Employment)**
101 W 55th St
New York, NY 10019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
FLAMUR TULOVIC,

                       Plaintiff,

              -against-

                                          **VERIFIED COMPLAINT**

81ST WEST RIVER COMPANY, LLC,
MANHATTAN SKYLINE MANAGEMENT CORP.,
NAIM HALITI and EDWARD DEVINE,

                       Defendants,

-----------------------------------------------------------------X

       Plaintiff FLAMUR TULOVIC, by his attorneys, AKIN LAW GROUP PLLC, upon information and belief, complains of the Defendants as follows:

1. Plaintiff FLAMUR TULOVIC complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and retaliated against by his former employer on the basis of his **national origin.**

## PARTIES

2. That at all times hereinafter mentioned, Plaintiff FLAMUR TULOVIC ("Plaintiff TULOVIC") was and still is a resident of the County of Kings, State of New York.

3. That at all times hereinafter mentioned, Plaintiff TULOVIC is of Montenegrin national origin.

4. That at all times hereinafter mentioned, Defendant 81ST WEST RIVER COMPANY, LLC ("WEST RIVER") was and is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, Defendant WEST RIVER was and is duly authorized to conduct business in the State of New York.

6. That at all times hereinafter mentioned, Defendant WEST RIVER operates in apartment building operators business.

7. That at all times hereinafter mentioned, Defendant WEST RIVER was and is located at the premises designated and / or more commonly known as 101 W 55TH Street, New York, NY 10019.

8. That at all times hereinafter mentioned, Defendant MANHATTAN SKYLINE MANAGEMENT CORP. (hereinafter "SKYLINE") was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, Defendant SKYLINE was and is a domestic business corporation duly authorized to conduct business in the State of New York.

10. That at all times hereinafter mentioned, Defendant SKYLINE operates in real estate managers business.

11. That at all times hereinafter mentioned, Defendant SKYLINE was and is located at the premises designated and / or more commonly known as 101 W 55th St, New York, NY 10019.

12. That at all times hereinafter mentioned, Defendant WEST RIVER owns a building located at the premises designated and / or more commonly known as 424 West End Ave., New York, New York.

13. That at all times herein relevant, Defendant SKYLINE manages the building located at the premises designated and / or more commonly known as 424 West End Ave., New York, New York, that is owned by Defendant WEST RIVER.

14. That at all times hereinafter mentioned, Defendant NAIM HALITI ("Defendant HALITI") was and is a resident of the State of New York.

15. That at all times hereinafter mentioned, Defendant HALITI was and is an employee of Defendant SKYLINE.

16. That at all times hereinafter mentioned, Defendant HALITI was and is employed as superintendent with the Defendant SKYLINE.

17. That at all times hereinafter relevant, Defendant HALITI was Plaintiff TULOVIC's supervisor, and, in that role, he had the authority to discipline and fire Plaintiff TULOVIC, direct his work activities, assign his job responsibilities and monitor his performance.

18. That at all times hereinafter relevant, Defendant HALITI had the authority to approve/decline Plaintiff TULOVIC's requests for a sick, personal, vacation day(s).

19. That at all times hereinafter relevant, Plaintiff TULOVIC was in subordinate relationship in regards to Defendant HALITI during their employment with Defendants.

20. That at all times hereinafter relevant, Defendant HALITI was an "employer" within the meaning of all applicable statutes.

21. That at all times herein relevant, Defendant HALITI is of Albanian national origin, from Kosovo.

22. That at all times hereinafter mentioned, Defendant EDWARD DEVINE ("Defendant DEVINE") was and is a resident of the State of New York.

23. That at all times hereinafter mentioned, Defendant DEVINE was and is an employee of Defendant SKYLINE.

24. That at all times hereinafter mentioned, Defendant DEVINE was and is employed as Property Manager with the Defendant SKYLINE.

25. At all relevant times, Defendant DEVINE was Plaintiff TULOVIC's supervisor, and, in that role, he had the authority to discipline and fire Plaintiff TULOVIC, direct his work activities, assign his job responsibilities and monitor his performance.

26. At all relevant times, Plaintiff TULOVIC was in subordinate relationship in regards to Defendant DEVINE during their employment with Defendants.

27. At all relevant times, Defendant DEVINE was an "employer" within the meaning of all applicable statutes.

28. That at all times hereinafter mentioned, Defendant WEST RIVER, Defendant SKYLINE, Defendant HALITI and Defendant DEVINE are collectively referred to as "Defendants".

## FACTUAL ALLEGATIONS

29. In or around summer 2007, Plaintiff TULOVIC commenced his employment with the Defendant WEST RIVER.

30. Plaintiff TULOVIC was hired as a part-time maintenance worker at Defendant WEST RIVER.

31. In or around 2011, Plaintiff TULOVIC became a full-time maintenance worker at Defendant WEST RIVER, as the result of his diligent work performance.

32. In or around February 2015, Plaintiff TULOVIC continued to satisfactorily perform his duties and responsibilities, and was promoted to a doorman at Defendant WEST RIVER.

33. During the entirety of his employment with Defendant WEST RIVER, Plaintiff was a stellar employee.

34. That at all times herein relevant, Plaintiff TULOVIC's work performance was above average during his employment with the Defendant WEST RIVER.

35. That at all times herein relevant, Plaintiff TULOVIC was earning $23.05 per hour during his employment with the Defendant WEST RIVER.

36. Commencing in or around February 2015, the Defendants subjected Plaintiff to unlawful discrimination and retaliation because of his national origin.

37. That at all times herein relevant, Defendant HALITI would make derogatory remarks in regards to Plaintiff TULOVIC's Montenegrin national origin on a regular basis.

38. By just a few examples, Defendant HALITI would tell Plaintiff TULOVIC:

    a) **"everyone from Montenegro are rats"**

    b) **"you, people from Montenegro, are lazy"**

    c) **"you, people from Montenegro, are two-faced"**

    d) **"people from Montenegro are all farmers** [referring to being uneducated]**"**

    e) **"you are a bunch of thieves** [referring to Plaintiff and Montenegrin people]**"**

    f) **"people from Montenegro are drug addict"**

    g) **"Your country** [referring to Montenegro] **is poor, where you all rob each other"**.

39. Plaintiff TULOVIC found Defendant HALITI's derogatory remarks highly offensive and inappropriate for the workplace.

40. That at all times herein relevant, Plaintiff TULOVIC would protest against Defendant HALITI's inappropriate behavior to no avail.

41. That at all times herein relevant, the Defendants created a hostile work environment for Plaintiff TULOVIC as the result of discrimination against him.

42. That at all times herein relevant, in further discrimination against Plaintiff TULOVIC, Defendant HALITI would make inappropriate comments in regards to Plaintiff, while treating other non-Montenegrin employees with respect.

43. By way of example, Defendant HALITI would tell Plaintiff: "are you fucking idiot", "why are you so stupid", "you have a dick shaped head", "you are a dick-head", "piece of shit", "bitch", "you are full of shit", "you are fat, go lose some weight", "Mushk" ["mule" in Albanian].

44. By way of another example, Defendant HALITI would humiliate Plaintiff in front of other employees, saying, "I can do anything to her…she will stay my bitch", "Fagot gets her juice because she likes sucking" [referring to Plaintiff].

45. That at all times herein relevant, in further discrimination against Plaintiff TULOVIC, Defendant HALITI would physically abuse Plaintiff, while treating non-Montenegrin employees with respect.

46. By way of example, Defendant HALITI would punch Plaintiff in chest; choke Plaintiff with his chain until Plaintiff would agree to say, "Okay, I am bitch", "Okay, I am pussy"; strike Plaintiff with Defendant HALITI's key chain.

47. On one occasion, Defendant HALITI threw a key chain (containing a knife) at Plaintiff, causing Plaintiff's hand to bleed. When Plaintiff TULOVIC asked Defendant HALITI not to through a knife at him, Defendant HALITI responded, "shut the fuck up, bitch", "you pussy", "you rat".  Defendand HALITI then picked up the key chain (containing a knife) and threw at Plaintiff TULOVIC a second time and told Plaintiff to "shut up".

48. That at all times herein relevant, Plaintiff TULOVIC protested against Defendant HALITI's inappropriate behavior, saying, "This is harassment".

49. In further discrimination against Plaintiff TULOVIC, Defendants subjected Plaintiff to numerous unlawful employment practices.

50. That at all times herein relevant, Plaintiff TULOVIC was not allowed to take a break, even for a meal, or to use a bathroom.

51. That at all times herein relevant, Defendant HALITI would make Plaintiff do favors for him, that were not related to work (e.g. clean his own fish tank, give him a ride to destinations other than work-related, move/park his personal car, get food for him, get gas for his personal car, drive to New Jersey so that Defendant HALITI can purchase a car, etc.). In fear of termination, Plaintiff TULOVIC complied with Defendant's HALITI's requests.

52. That at all times herein relevant, the Defendants failed to compensate Plaintiff TULOVIC for his earned vacation days, even though he had requested same in advance.

53. On or about July 27, 2016, Plaintiff TULOVIC complained to Defendant HALITI about Defendants' failure to compensate Plaintiff for the vacation time he had requested in advance of further discrimination against him because of his national origin.

54. That at all times herein relevant, Plaintiff TULOVIC was immediately retaliated against by the Defendants for complaining about Defendants' unlawful employment practices.

55. That at all times herein relevant, in response to Plaintiff's complaints, Defendant TULOVIC would say, "you are not going to be here long".

56. That at all times herein relevant, Plaintiff TULOVIC was approached by other employees (e.g. Dominique, Ralph) inquiring whether he was fired.

57. In or around August 2016, Defendant HALITI suspended Plaintiff for three (3) days without pay for sitting in a chair, despite Plaintiff being allowed previously by the Defendant HALITI to sit down.

58. In or around August 2016, Plaintiff TULOVIC continued to complain about Defendants' unlawful employment practices to 32BJ SEIU Union.

59. That at all times herein relevant, the Defendants continued to retaliate against Plaintiff for voicing his concerns.

60. By way of example, in or around November 2016, Plaintiff TULOVIC requested from Defendant HALITI in writing time off on November 26, 2016 because he had a doctor's appointment on that day. Defendant HALITI immediately ripped off Plaintiff's written request, only because Plaintiff "dated" it.

61. Upon information and belief, Plaintiff TULOVIC was not allowed to date a written request for time off, so that Defendant HALITI could alter the date, and not compensate Plaintiff, for his failure to submit the request on time.

62. That at all times herein relevant, Plaintiff TULOVIC continued to protest against Defendants' unlawful employment practices, saying he would complain to the Union.

63. That at all times herein relevant, Defendant HALITI brushed off Plaintiff's complaints, saying, "Union guy can kiss my ass".

64. On November 30, 2016, Plaintiff TULOVIC provided Defendant HALITI with a doctor's note for November 26, 2016.  Defendant HALITI refused to accept the note, yelling at Plaintiff, "I don't know, who the fuck you think you are…Who the fuck are you…Get the fuck out of my office…Piece of shit".

65. That at all times herein relevant, Plaintiff TULOVIC was unable to tolerate humiliation any further, and decided to voice his concerns to the upper management.

66. On or about December 2016, during a meeting with Defendant DEVINE, Plaintiff complained about the Defendant HALITI's unlawful conduct.

67. Although Defendant DEVINE assured Plaintiff TULOVIC that he would not be written up, the Defendants immediately retaliated against Plaintiff for voicing his concerns.

68. On December 2, 2016, Plaintiff TULOVIC was falsely accused for failing to wear a uniform and smoking in front of the building.

69. On December 6, 2016, Defendant DEVINE suspended Plaintiff until December 12, 2016.

70. On or about December 13, 2016, Defendants continued to retaliate against Plaintiff TULOVIC by issuing him a warning.

71. That at all times herein relevant, the Defendants continued to retaliate against Plaintiff TULOVIC for complaining about the discrimination and hostile work environment he endured at Defendant WEST RIVER.

72. Defendants unlawfully harassed, discriminated against and retaliated against Plaintiff TULOVIC.

73. Defendants treated Plaintiff TULOVIC differently because of his national origin.

74. Defendants' unwanted hostile actions created a hostile working environment which no reasonable person could be expected to tolerate.

75. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

76. After Plaintiff protested to the Defendants, Plaintiff became the subject of retaliation by the Defendants.

77. The Plaintiff has been unlawfully discriminated and retaliated against, was humiliated, and has been degraded and belittled; and as a result, suffers the loss of rights, emotional distress, loss of income, earnings and sustained personal injuries.

78. As a result of the Defendants actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

79. As a result of the Defendants discriminatory and intolerable treatment, Plaintiff TULOVIC suffered severe emotional distress.

80. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering inconvenience, loss of enjoyment of life, and other non-pecuniary losses.   Plaintiff has further experienced severe emotional and physical distress.

81. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

82. As Defendants conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of New York State Human Rights Law)

83. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

84. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, **national origin**, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

85. Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law by retaliating against the Plaintiff, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of his national origin, and otherwise subject the Plaintiff to a hostile work environment.

86. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of New York State Human Rights Law)

87. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

88. New York State Executive Law § 296(7) provides that is shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section

applies to retaliate or discriminate against any person because he has opposed practices forbidden under this article."

89. Defendants engaged in an unlawful discriminatory practice by retaliating, continuing and escalating the discrimination and hostile work environment to which the Plaintiff was subjected, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

90. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for complaining about Defendants' violation of the New York State Executive Law.

91. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of New York City Human Rights Law)

92. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

93. The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, **national origin**, gender, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

94. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(a) by retaliating against Plaintiff, creating and

maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of his national origin, and otherwise subjecting the Plaintiff to a hostile work environment.

95. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

96. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

97. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

98. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(1)(e) by retaliating, continuing and escalating the national origin discrimination and hostile work environment to which the Plaintiff was subjected, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

99. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendants' violation of the New York City Administrative Code.

100. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

101.    Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

102.    Defendants engaged in extreme and outrageous conduct.

103.    Defendants intended to cause, and/or disregard the substantial actions of their agents and employees, causing severe physical and emotional distress to the Plaintiff.

104.    That at all times hereinafter mentioned, there exists a causal connection between the Defendants conduct and the injuries sustained by the Plaintiff.

105.    That as a result of said conduct, Plaintiff has suffered and continues to suffer from severe emotional, psychological and physical pain.

106.    That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## INJURY AND DAMAGES

107.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses.   Plaintiff has further experienced severe emotional and physical distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants for the following relief:

A. Declaring that the Defendants harassed, discriminated against, retaliated against Plaintiff on the basis of his national origin and awarding Plaintiff a recovery for damages sustained;

B. Declaring that the Defendants engaged in unlawful employment practices prohibited by the State Common Law and New York State Executive Law §296 et. Seq.;

C. Declaring that the Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, §8-107 et. Seq.;

D. Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages and benefits resulting from Defendants unlawful employment practices;

E. Awarding Plaintiff compensatory damages for his mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorney's fees, costs and expenses; and

H. Awarding Plaintiff such other and further relief as the Court may deem just and proper to remedy the Defendants' unlawful employment practices.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York

February 21, 2017

Respectfully Submitted,

AKIN LAW GROUP PLLC
Attorneys for Plaintiff

*/s/ Leopold Raic*

_____
By: Leopold Raic, Esq.
45 Broadway, Suite 1420
New York, New York 10006
(212) 825-1400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
FLAMUR TULOVIC,

                                    Plaintiff,

                                                        **VERIFICATION**

                    -against-


81ST WEST RIVER COMPANY, LLC,
MANHATTAN SKYLINE MANAGEMENT CORP.,
NAIM HALITI and EDWARD DEVINE,

                                    Defendants,

-------------------------------------------------------------------X

STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF NEW YORK  )

       Leopold Raic, an attorney duly admitted to practice in the State of New York, hereby

affirms under the penalty of perjury, that:

1.  I am an Associate at Akin Law Group PLLC, counsel for Plaintiff in the above-captioned

    matter.

2.  I have read the foregoing Verified Complaint and know the contents thereof to be true to

    my own knowledge and/or based upon information that has been provided to me through

    conversations with Plaintiff Flamur Tulovic and records, papers and documents of

    Plaintiff Flamur Tulovic.

3.  This verification is made by me and not by Plaintiff Flamur Tulovic because my office is

    in New York County and the Plaintiff Flamur Tulovic resides in Kings County.

Dated: February 21, 2017
       New York, New York

                                        */s/ Leopold Raic*
                        By: _____
                                        Leopold Raic